IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:21-cv-2554

MARY JOAN EDGINGTON,

Plaintiff,

v.

LOWE'S HOME CENTERS LLC, a foreign limited liability company

Defendant.

---

## COMPLAINT AND JURY DEMAND
---

Plaintiff, above-named, by and through her attorneys Hull & Zimmerman P.C. for a Complaint against the Defendant Lowe's Home Centers LLC alleges and avers as follows:

## JURISDICTION

1. At all relevant times herein, Plaintiff Mary Joan Edgington (hereinafter "Plaintiff") was and is a resident of Colorado.

2. Upon information and belief Defendant Lowe's Home Center LLC. (hereinafter "Defendant') is a foreign limited liability corporation organized under the laws of North Carolina and with a principal place of business located at 1000 Lowe's Boulevard, Mooresville, NC 28117.

3. Complete diversity exists between the Plaintiff and Defendant as contemplated by 28 U.S.C. §1332(a)(1).

4. The amount in controversy exceeds $75,000.00.

5. Jurisdiction is proper pursuant to 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant owned the Lowe's store located at 1360 New Beale Street, Castle Rock, CO 80108 on November 14, 2019.

7. Upon information and belief, Defendant was in control of the premises the Lowe's store located at 1360 New Beale Street, Castle Rock, CO 80108 on November 14, 2019.

8. On November 14, 2019, Plaintiff was a customer of the Lowe's store located at 1360 New Beale Street, Castle Rock, CO 80108.

9. As Plaintiff was shopping, she turned the corner of one of the store's shopping aisles.

10. As Plaintiff turned the corner, she tripped over a dowel sticking out of the perimeter of a shopping cart and extending into the normal pathway of the shopping aisle.

11. The shopping cart was being used by an employee of Defendant in the course and scope of such employee's work for Defendant.

12. Upon information and belief, the dowel was positioned on the shopping cart by an employee of Defendant.

13. Plaintiff fell forward, striking her head and left shoulder on the floor.

14. Plaintiff suffered injuries and required medical care as a result of her fall.

15. Plaintiff was not negligent and did not cause her injuries as suffered on November 14, 2019.

## **FIRST CLAIM FOR RELIEF**

16. Plaintiff incorporates the allegations set forth above as if more fully set forth herein.

17. The presence of the dowel sticking out from the perimeter of the shopping cart into the normal pathway of the shopping aisle constituted an unreasonably dangerous condition.

18. Defendant knew or should have known of the unreasonably dangerous condition.

19. Defendant unreasonably failed to exercise reasonable care to protect against creating the unreasonably dangerous condition.

20. Defendant unreasonably failed to exercise reasonable care to remove or protect Plaintiff or similarly situated shoppers from the unreasonably dangerous condition.

21. With regard to Defendant's possession and control of the subject premises, Defendant constitutes a "landowner" as contemplated by C.R.S. §13-21-115.

22. Plaintiff constituted an "invitee" as contemplated by C.R.S. §13-21-115.

23. As a direct and proximate result of Defendant's failure to protect against the unreasonably dangerous condition presented by the placement of the dowel, Plaintiff suffered injury, harms and losses.

24. Plaintiff is entitled to compensation from the Defendant for suffered injury, harms and losses suffered by Plaintiff in an amount to be determined by the trier of fact.

Wherefore, Plaintiff prays that this Honorable Court will grant judgment against the Defendant, and in favor of the Plaintiff, in an amount to be determined by the trier of fact, plus pre-judgment and post-judgment interest as provided by law, costs, and for such other and further relief as this Court deems just and proper in the premises.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this 21st day of September, 2021.

                                          HULL & ZIMMERMAN, P.C.
                                          *The duly signed original held in the file located at Hull & Zimmerman, P.C.*

                                          s/ *Michael P. Zimmerman*
                                          MICHAEL P. ZIMMERMAN
                                          Attorney for Plaintiff
                                          11178 Huron Street, Unit 2
                                          Northglenn, CO 80234
                                          (303) 423-1770

Plaintiffs' Address:
4135 Swanson Way
Castle Rock, CO 80109